**Opinion issued May 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00558-CR

———————————

**JOSEPH ARREOLA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 175th District Court
Bexar County, Texas
Trial Court Case No. 2012CR4258

## MEMORANDUM OPINION

Appellant, Joseph Arreola, pleaded no contest to the felony offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). In accordance with appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making any finding

regarding appellant's guilt and placed appellant on community supervision for a period of eight years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2014). The State then filed a motion and a first-amended motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Appellant pleaded not true to the alleged violations of the terms of his community supervision. The trial court found the allegations true, adjudicated appellant guilty, and sentenced appellant to fifteen years' imprisonment. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Although not an arguable issue, we note the trial court's judgment does not accurately reflect the proceedings. The indictment returned against appellant alleged two counts: count one alleged the first-degree felony offense of assault causing serious bodily injury while using a deadly weapon against a family member, and count two alleged the third-degree felony offense of assault family violence with a prior conviction. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(A) (West Supp. 2014), 22.02(b)(1) (West 2011). Appellant pleaded no contest to the second-degree felony offense of assault causing serious bodily injury. *See* TEX.

3

PENAL CODE ANN. § 22.02(a)(1). But the trial court's judgment indicates that appellant was convicted for a first-degree felony offense, that appellant was convicted of assault causing serious bodily injury while using a deadly weapon against a family member, and that appellant was convicted pursuant to Count II of the indictment—a count that only charges appellant with a third-degree felony offense. Further, appellant pleaded not true to the allegations in the State's first-amended motion to adjudicate his guilt, but the trial court's judgment indicates that he pleaded true. Finally, the trial court made an affirmative finding at the conclusion of the adjudication hearing that appellant used a deadly weapon during the commission of the offense, but the trial court's judgment does not reflect any such finding.

We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Ferguson v. State*, 435 S.W.3d 291, 293–96 (Tex. App.—Waco 2014, pet. struck); *Romero v. State*, No. 13-13-00270-CR, 2013 WL 6729959, at *3 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) (mem. op., not designated for publication); *McBreen v. State*, Nos. 05-03-01424-CR, 05-03-01425-CR, 2005 WL 3032496, at *4 (Tex. App.—Dallas Nov. 14, 2005, no pet.) (mem. op., not designated for publication). Accordingly, we modify the trial court's judgment to reflect that

appellant was convicted pursuant to Count I of the indictment, that the "Offense for which Defendant Convicted [sic]" was aggravated assault against a family member, that the "Degree" was second, that the "Plea to Motion to Revoke" was not true, and that the "Findings on Deadly Weapon" was "Yes, not a firearm."

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1]   Attorney Kimberly Dufour Gardner must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).